IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BOSCH REXROTH CORPORATION**                                                                 **PLAINTIFF**

V.                                                           CIVIL ACTION NO. 5:23-cv-25-DCB-BWR

**SCOTT JOHNSON SPECIALTY SERVICES, LLC**                     **DEFENDANT**

## COMPLAINT

COMES NOW, BOSCH REXROTH CORPORATION ("Bosch Rexroth") by and through its attorneys and files this Complaint against the Defendant, SCOTT JOHNSON SPECIALTY SERVICES, LLC ("Defendant"), and in support thereof would show unto the Court the following, to-wit:

1. Bosch Rexroth is a Pennsylvania corporation with its principal place of business located in North Carolina. Bosch Rexroth is a foreign corporation who does not transact business in the State of Mississippi. Bosch Rexroth brings this action on a transaction involving interstate commerce.

2. Defendant is a Mississippi limited liability company whose members are all citizens of the State of Mississippi.

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdiction requirement, based upon the underlying state-court claims demanding damages in excess of $1,000,000.

4.      This Court also has jurisdiction over this action as the underlying transactions arose through interstate commerce. This Court is further authorized to hear this matter pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), which allows a party seeking arbitration to file suit in federal district court.

5.      Pursuant to 28 U.S.C. § 1391(a), venue is proper in the Southern District of Mississippi, Western Division, because a substantial part of the events giving rise to this action occurred in the Southern District of Mississippi, Northern Division and/or the Defendant resides in the Western Division.

6.      On April 13, 2022, the Defendant purchased a Progrind System Grinder (CAT 315 Serial No. FTY00351) (the "Equipment") assembled and manufactured by Progrind Systems, LLC ("Progrind"), using a Bosch Rexroth pump and motor, which were sold with a twelve month warranty. A true and correct copy of the invoice is attached hereto and incorporated herein as **Exhibit "A."**

7.      The Bosch Rexroth pump and motor warranty is contained as terms in Bosch Rexroth's Standard Terms & Conditions of Sale. A true and correct copy of the April 2022 Standard Terms & Conditions of Sale is attached hereto and incorporated herein as **Exhibit "B."** The Standard Terms & Conditions of Sale contain an arbitration agreement that provides, in part:

. . . any and all disputes, controversies, differences, or claims arising out of or relating to these Standard Terms (including the formation, existence, validity, interpretation (including of this Arbitration clause), breach or termination thereof) or the Products, Software, Prototypes, or the Services shall be resolved exclusively through binding arbitration, except that either Party shall have the right, at its option, to seek injunctive relief, under seal to maintain confidentiality to the extent permitted by Law, (i) in either the Michigan Circuit Court for the County of Oakland or the United States Court for the Eastern District of Michigan, or (ii) pursuant to the American Arbitration Association Optional Rules for Emergency Measures of Protection. A request by a Party to a court of competent jurisdiction for such interim measures shall not be deemed incompatible with, or a waiver of, this agreement to arbitrate. The Parties agree that any ruling by the arbitration tribunal on interim measures shall be deemed to be a final award for purposes of enforcement. The arbitration proceedings shall be conducted in accordance with the Commercial Arbitration Rules of the AAA including application of the Optional Rules for Emergency Measures of Protection as amended from time to time, except as modified by this clause or by mutual agreement of the Parties, and shall be governed by the United States Federal Arbitration Act. Within fourteen (14) days after the commencement of arbitration, each Party shall select one person to act as arbitrator and the two selected shall select a third arbitrator within ten (10) business days of their appointment. If the arbitrators selected by the Parties are unable or fail to agree upon the third arbitrator, the third arbitrator shall be selected by the AAA. The arbitration shall be conducted in Detroit, Michigan, and the language of the arbitration shall be English. The arbitrators' award shall be final and binding. The arbitrators shall issue a written opinion setting forth the basis for the arbitrators' decision. The written opinion may be issued separately from the award by the arbitrators where necessary to preserve confidentiality. Each Party shall bear its own fees and costs, and each Party shall bear one half the cost of the arbitration hearing fees, and the cost of the arbitrator, unless the arbitrators find the claims to have been frivolous or harassing. Either Party may apply to have the arbitration award confirmed and a court judgment entered upon it. Venue for confirmation of or any challenge to the Arbitration Award shall be in either the Michigan Circuit Court for the County of Oakland or the United States Court for the Eastern District of Michigan and shall be

done under seal to maintain confidentiality to the maximum extent permitted by law.

*See* Exhibit "B" at pp. 18-19.

8.  Without ever providing a notice of a dispute, Defendant filed suit against Bosch Rexroth on February 28, 2023, in the Circuit Court of the Holmes County, Mississippi, in Civil Action No. 2023-0044 (the "Lawsuit"). A true and correct copy of the Complaint is attached hereto and incorporated herein as **Exhibit "C."** Defendant alleged that it purchased the Equipment in April 2022 from Progrind. *Id.* at ¶ 14. *See also*, Invoice, Exhibit "A." (Exhibit 1 to the Complaint). The Equipment was assembled and sold by Progrind from the State of Georgia. *See* Invoice, Exhibit "A." Plaintiff alleged that in manufacturing and assembly, Progrind selected and installed a hydraulic pump and charge pump manufactured by Bosch Rexroth. *See* Complaint, Exhibit "C" at ¶ 16. *See also*, Invoice, Exhibit "A."

9.  In its state-court complaint, Defendant asserted a single claim against Bosch Rexroth for Breach of Express Warranty under Mississippi Code Section 75-2-313. *See* Complaint, Exhibit "C" at ¶¶ 111-116. Specifically, the Complaint alleges "[t]he Bosch Rexroth Pump and Motor were sold with a twelve (12) month warranty. Bosch knew or should have known the Bosch Rexroth Pump and Motor did not confirm to those express warranties . . ." *Id.* at ¶¶ 113-114.

10. Defendant's Complaint demands "value those products would have had if they had been as warranted, lost profits, property damages, repair costs, loss of use and downtime on the Project and other work, cost of repairs, attorneys' fees and legal costs and expenses, and other incidental and consequential damages in excess of $1,000,000." *Id.* at ¶¶ 117-118.

11. Defendant is bound by the arbitration agreement in the Standard Terms & Conditions of Sale.

12. The arbitration agreement is fully applicable to the claims asserted by Defendant in the Lawsuit. Because Bosch Rexroth has elected to resolve the Lawsuit through arbitration, Defendant must arbitrate the claims it has asserted in the Lawsuit. Bosch Rexroth agrees to participate in arbitration in accordance with the terms of the arbitration agreement.

13. The arbitration agreement is expressly applicable to disputes like the one Defendant asserted in the Lawsuit. Specifically, the Defendant's Complaint states a cause of action under Bosch Rexroth's twelve month warranty which is contained in the Standard Terms & Conditions of Sale along with the arbitration agreement. Stated differently, the Defendant cannot state a claim under the warranty contained in the Standard Terms & Conditions of Sale without abiding by the arbitration agreement also contained therein.

14. Bosch Rexroth hereby seeks to enforce the terms of the arbitration agreement and requests an order compelling arbitration and staying the Lawsuit. Bosch Rexroth is also prepared to arbitrate any claims it may have against the Defendant relating to the underlying transaction in accordance with the terms of the arbitration agreement.

15. The arbitration agreement is governed by the FAA. *See* 9 U.S.C. § 2. As noted in the arbitration agreement, the Standard Terms & Conditions of Sale "BRUS [Bosch Rexroth] and Customer acknowledge that these Standard Terms, the Quotation, Statement of Work and/or Purchase Order evidence a transaction involving interstate commerce." Standard Terms & Conditions of Sale, Exhibit "B" at p. 18. Pursuant to the FAA, the arbitration agreement is valid and should be enforced.

16. All issues raised in the Lawsuit relate directly to the Equipment and coverage by the warranty contained in the Standard Terms & Conditions of Sale. The allegations and claims asserted in the Lawsuit are encompassed within the scope of the arbitration agreement.

17. By filing this action, Bosch Rexroth hereby asserts its request and demand for arbitration in accordance with the provisions under the arbitration agreement.

18. As a result of Bosch Rexroth's election to arbitrate, Defendant is barred from pursuing the Lawsuit and can now only pursue its claims against Bosch Rexroth through arbitration.

19. Pursuant to 9 U.S.C. § 4, Bosch Rexroth requests that this Court issue an Order: (a) directing Defendant to proceed with arbitration if it seeks to pursue any claims against Bosch Rexroth; (b) staying and enjoining Defendant from proceeding in the Lawsuit pending arbitration; and/or (c) directing Defendant to withdraw the Lawsuit and take no further action outside of arbitration with regard to disputes arising under the Arbitration Agreement.

WHEREFORE, PREMISES CONSIDERED, Bosch Rexroth prays for judgment as follows:

1. Compelling Defendant:

    (a) To bring all claims it intends to assert through arbitration as required pursuant to the terms of the arbitration agreement;

    (b) Withdraw the Lawsuit; and

    (c) To take no further action outside of arbitration with regard to any claims or controversies covered by the arbitration agreement.

2. Alternatively, staying the Lawsuit pending arbitration.

3. Staying this proceeding pending the completion of arbitration.

4. Granting such other and further relief as the Court may find just and equitable.

This, the 10th day of April, 2023

Respectfully submitted,

**BOSCH REXROTH CORPORATION**

By: */s/ G. Dewey Hembree, III*
G. Dewey Hembree, III
One of its Attorneys

OF COUNSEL:

G. Dewey Hembree, III (MS Bar No. 2247)
John T. Rouse (MS Bar No. 101586)
Lindsay K. Roberts (MS Bar No. 105723)
**McGLINCHEY STAFFORD, PLLC**
1020 Highland Colony Pkwy, Ste. 406
Ridgeland, Mississippi 39157
Telephone: (769) 524-2300 | Fax: (601) 608-7871
Email: ghembree@mcglinchey.com; jrouse@mcglinchey.com;
  lroberts@mcglinchey.com